NOT FOR PUBLICATION                                                        (Docket No. 10)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                            :
DAVID LESTER, PH.D.,                        :
                                            :
            Plaintiff,                      :   Civil No. 09-0403 (RBK/JS)
                                            :
        v.                                  :   **OPINION**
                                            :
GENE EXPRESS, INC., ALFRED C.               :
POLLOCK, III, NIKOLAOS V.                   :
LAZARIDIS, PH.D., and GERALD J.             :
VARDZEL, JR.,                               :
                                            :
            Defendants.                     :
_____         :

**KUGLER**, United States District Judge:

   This matter arises out of an employment dispute between Plaintiff David Lester, Ph.D. and Defendants Gene Express, Inc., Alfred C. Pollock, III, Nikolaos V. Lazaridis, Ph.D., and Gerald J. Vardzel, Jr.  Presently before the Court is Defendants' motion to 1) dismiss the Complaint for lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) or transfer to the District of Colorado; 2) compel arbitration; 3) dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); and/or 4) declare the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 et seq., inapplicable.  Because the Court finds that the underlying employment agreement between the parties contains a valid forum selection clause designating Colorado as the proper venue for disputes arising out of the agreement, and because the Court finds that transfer is appropriate under 28 U.S.C. § 1404(a),

Defendants' Motion to Transfer is granted and Defendants' alternative motions are dismissed without prejudice.

I.     BACKGROUND

On August 1, 2007, Plaintiff was hired as a Senior Vice President for Gene Express, Inc., a closely held Colorado corporation with its principal place of business in Wilmington, North Carolina.  At the time of Plaintiff's hiring, Gene Express's main offices were in Toledo, Ohio, but were moved to North Carolina during Plaintiff's tenure.  Defendant Alfred Pollock is the Chairman of the Board of Gene Express, Defendant Nikolaos Lazaridis is the President, and Defendant Gerald Vardzel is the Chief Executive Officer.

Plaintiff's employment with Gene Express was pursuant to the Employment and Non-Competition Agreement (the Agreement) entered into on August 1, 2007.  Among other things, the Agreement contains a choice of law clause, a forum selection clause, and an arbitration clause.  The choice of law clause states: "The laws of the State of Colorado, exclusive of its conflicts of laws provisions, shall govern the validity and interpretation of this Agreement and the performance by the parties of their respective duties and obligations under this Agreement."  Pl. br. at Ex. 1, ¶ 12.  The forum selection clause states: "The parties agree that the state courts of Colorado and the federal courts sitting in Colorado shall have jurisdiction over the interpretation and enforcement of this Agreement."  Pl. br. at Ex. 1, ¶ 15.  Finally, in relevant part, the arbitration clause states: "All matters relating to the interpretation or enforcement of this Agreement . . . shall be resolved by binding arbitration with a single arbitrator under the then-rules and procedures of J.A.M.S. for the resolution of employment disputes."  Pl. br. at Ex. 1, ¶ 20.

The terms of the Agreement stated that Plaintiff was to be paid $185,000 annually in equal installments. He began receiving these installments on January 1, 2008 (with some of the payments coming directly from the personal account of Defendant Pollock), but the payments stopped sometime in July 2008. The Defendants represented that Plaintiff's installments would resume once they received additional "funding," Compl. at ¶ 12, however, to date these installments have never been paid.

Plaintiff was a resident and citizen of New Jersey at the time he entered into the Agreement and he remained so until August 1, 2008. Thereafter, he moved to and became a citizen of Pennsylvania. At the time of his move, Plaintiff was already owed the sum of $21,66.68. Thereafter, while in Pennsylvania, Plaintiff deemed himself terminated under the Agreement as of January 23, 2009 because of the non-payment of his compensation.

Plaintiff then brought suit under this Court's diversity jurisdiction on January 28, 2009 claiming in Count One a violation by all Defendants of the New Jersey Wage Collection Law, and claiming in Count Two a breach of contract by Gene Express. Plaintiff claimed to be owed $98,749.99 in wages, Compl. at ¶ 25, and $205,857.58 for damages from breach of the Agreement. Compl. at ¶ 31. The breach damages were calculated in part based on provisions in the Agreement guaranteeing health insurance as well as providing for severance for termination without cause. Compl. at ¶ 27-28.

In response, Defendants filed the present Motion on April 20, 2009,[1] arguing that the

---

[1] On March 19, 2009, Magistrate Judge Joel Schneider ordered, per a stipulation of the parties, that Defendants would have until April 18, 2009 to respond to the Complaint. Docket No. 9. Defendants' Motion on April 20 was therefore two days late. Nevertheless, the Court finds that Defendants' untimely response is not grounds for disregarding the motion to transfer. See Breland v. ATC Vancom, Inc., 212 F.R.D. 475, 477 (E.D. Pa. 2002) (holding defendant did

proper venue for the underlying dispute is Colorado. Plaintiff timely responded and opposed the Motion on April 23, 2009. With the Defendants having replied on May 8, 2009, this Motion is now ripe for review.

## II.     DISCUSSION

Defendants argue that transfer of this dispute to the District of Colorado is appropriate because the forum selection clause in the Agreement is valid and enforceable and that transfer is otherwise appropriate under 28 U.S.C. § 1406(a). Def. br. at 4-7. Plaintiff argues in effect that because the situs of the dispute–including accrual of the cause of action–is in New Jersey, transfer to Colorado is inappropriate. Pl. br. at 5-16.[2] While Plaintiff believes that Defendants have stated a "rambling unsupported argument" for transfer, Pl. br. at 16, the Court disagrees and finds that transfer is proper and is granted, but granted under 28 U.S.C. § 1404(a).

### A.     Validity of the Forum Selection Clause

In federal courts, the effect of a contractual forum selection clause in a diversity case is determined by federal, not state, law. Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). Under federal law, forum selection clauses are "presumptively valid" and enforceable. Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983) (discussing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972)), cert. denied, 464 U.S. 938 (1983). A

---

not waive venue objection by filing complaint eleven days late). Additionally, the Court notes that Plaintiff responded to the pending Motion without lodging any objection to its timeliness, thus warranting no further action. Defendants are strongly admonished to follow court imposed deadlines in the future.

[2] Plaintiff's brief is missing the required table of contents and table of authorities as is required by Local Civil Rule 7.2(b). Plaintiff is advised that because these elements of a brief assist the Court's disposition of pending motions, they should be included in future filings in the District of New Jersey.

party resisting a forum selection clause must make a "strong showing" that the clause is "unreasonable." Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting M/S Breman, 407 U.S. at 10); Cadapult Graphic Sys., Inc. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564-65 (D.N.J. 2000) (quoting M/S Breman, 407 U.S. at 10; Reynolds Publishers, Inc. v. Graphics Fin. Group, Ltd., 938 F. Supp. 256, 263 (D.N.J. 1996)). A forum selection clause is unreasonable if the party opposing it establishes "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal, 709 F.2d at 202.

### 1.      **Fraud or overreaching**

Plaintiff has not made a strong showing, or any showing for that matter, that the forum selection clause was the result of fraud or overreaching. A forum selection clause is unenforceable as a result of fraud only where assent to the clause itself, as opposed to the contract as a whole, is the product of fraud or coercion. Moneygram Payment Sys., Inc. v. Consorcio Oriental, S.A., 65 Fed. Appx. 844, 847 (3d Cir. 2003) (citing Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974)). In this dispute, Plaintiff has not put forth any direct or indirect assertion of fraud and therefore the forum selection clause cannot be invalidated on that ground.

### 2.      **Public policy**

Plaintiff has also not made a strong showing that the forum selection clause violates a strong public policy of New Jersey. In their brief in support of the Motion to Transfer, Defendants' first argument is that the forum selection clause is valid and enforceable. See Def.

br. at 4.  Defendants then clearly lay out how a party can rebut the presumption of validity of a forum selection clause, including listing that strong public policy is a consideration.  See id.  In anticipation that Plaintiff would make a public policy argument, Defendants then proceed to show how the New Jersey Wage Payment Law (NJWPL) is inapplicable, and thus no New Jersey public policy is violated.[3]  Def. br. at 5.

In the brief in opposition, however, Plaintiff did not directly address the forum selection clause, and only tangentially addressed public policy.  Plaintiff's brief focuses instead on a choice of law analysis, rather than a forum selection analysis.  See Pl. br. at 1-3.  As best as the Court can tell, Plaintiff suggests that public policy in New Jersey favors enforcement of NJWPL claims in New Jersey.[4]  See Pl. br. at 15 ("Because of the complete lack of any connections to Colorado, Defendants' choice of Colorado as the method of selected venue for disputes is tantamount to throwing a dart at a map of the United States.").  The Court disagrees with the Plaintiff.

Under New Jersey law, forum selection clauses are valid and enforceable.  See Cadapult Graphic, 98 F. Supp. 2d at 566 (citing Caspi v. Microsoft Network, L.L.C., 323 N.J. Super. 118, 123, 732 A.2d 528 (App. Div. 1999); McNeill v. Zoref, 297 N.J. Super. 213, 219, 687 A.2d 1052 (App. Div. 1997); Wilfred MacDonald, Inc. v. Cushman, Inc., 256 N.J. Super. 58, 63, 606 A.2d 407, certif. denied, 130 N.J. 17, 611 A.2d 655 (1992)).  In fact, New Jersey law regarding forum

---

[3] Defendants' analysis of the applicability of the NJWPL is not addressed here one way or the other.  Given that the Court otherwise finds that transfer is appropriate, the applicability of the law is appropriately left to the District of Colorado.

[4] Plaintiff does clearly make the argument that public policy favors enforcing NJWPL claims in court rather than in arbitration.  Pl. br. at 20.  This argument is wasted on this Court, however, because the enforceability of the arbitration clause is a matter for the District of Colorado.

selection clauses "substantially mirrors" federal law. Id. Furthermore, New Jersey public policy is seemingly not violated where the forum selection clause is the result of an arms length negotiation, at least absent legislative intent to the contrary. Cf. Kubis & Perszyk Assocs., Inc. v. Sun Microsystems, Inc., 680 A.2d 618, 626 (N.J. 1996) (holding invalid forum selection clauses in contract subject to the New Jersey Franchise Practices Act, N.J.S.A. § 56:10-1 to -15, but noting "[a] significant difference exists between the function of a forum-selection clause in an arms-length commercial contract and its function in a typical contract subject to the Franchise Act.").

In this dispute, Plaintiff has not shown which public policy will be violated through enforcement of the forum selection clause in the Agreement. Cf. Heartland Payment Sys., Inc. v. Commer, No. 07-2348, 2007 WL 3275097, at *2 (D.N.J. Nov. 5, 2007) (denying motion to transfer where party resisting forum selection clause did "not identif[y] any public policy rationale . . . that sufficiently rebuts the presumption that the forum selection clause should be enforced"). Given that the Agreement involved negotiations between the Plaintiff for a high level executive position with a closely held corporation, the clause here is more akin to the product of an arms length negotiation than a contract where the party is compelled to assent because of economic disparity or lack of bargaining power. Cf. Kubis, 680 A.2d at 627. Thus, the forum selection clause is seemingly in accord with well-established New Jersey policy. Additionally, to the extent that Plaintiff's argument truly is that public policy favors deciding questions under New Jersey law at home, that argument is without merit given that New Jersey law otherwise supports the validity of forum selection clauses. See Cadapult Graphic, 98 F. Supp. 2d at 566 (citing cases). Therefore, the forum selection clause cannot be invalidated on

public policy grounds.

### 3. Inconvenience

Finally, Plaintiff has also not made a strong showing that the enforcement of the forum selection clause would result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable. Plaintiff has not represented that proceeding before the District of Colorado would result in any sort of hardship whatsoever. To the extent that proceeding in Colorado is less convenient than proceeding in New Jersey because of travel or otherwise, Plaintiff has not shown how that is so inconvenient as to deny him fair resolution of the dispute. Therefore, the forum selection clause cannot be invalidated on inconvenience grounds.

Thus, given the above analysis regarding fraud and public policy, the forum selection clause is valid and enforceable.

### B. § 1404(a) or § 1406(a)

Having determined that the forum selection clause is valid and enforceable, the Court must now examine whether transfer is nevertheless appropriate under either 28 U.S.C. § 1404(a) or § 1406(a). See Jumara, 55 F.3d at 878, 879. Under § 1406(a), transfer is only appropriate where the venue was originally laid in the wrong district. A transfer under § 1406(a) means that the suit could not have been brought in the original forum. See Jumara, 55 F.3d at 878. Alternatively, a transfer under § 1404(a) means that the original district was proper, but the suit could have been brought in another district. See Jumara, 55 F.3d at 879.

Here, even though Defendants seek transfer under § 1406(a), the matter could have been brought in the District of New Jersey or the District of Colorado, thus, analysis under § 1404(a)

is appropriate.[5] A civil action based on diversity of citizenship may be brought in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(a). In this dispute, the civil action is based on diversity of citizenship and, as cataloged by Plaintiff in his brief, a number of events giving rise to his cause of action occurred in New Jersey. Pl. br. at 15. Thus, venue is proper in New Jersey. Further, as discussed, the Agreement also contains a valid and enforceable forum selection clause, which means that venue is also proper in the District of Colorado. Therefore, Defendants' Motion to transfer is properly analyzed under § 1404(a) and not under § 1406(a).[6]

### C. Transfer under § 1404(a)

Under § 1404(a), the Court finds that transfer of this matter to the District of Colorado is proper. Under § 1404(a), a court is required to balance several private and public factors to determine if transfer is proper. Jumara, 55 F.3d at 879-80. This balancing in the context of a forum selection clause requires that the reviewing court give the clause "substantial consideration." Id. at 880. In effect, the forum selection clause puts a thumb on the balancing scale in favor of the party seeking to enforce it. Cf. Cadapult Graphic, 98 F. Supp. 2d at 564 ("Within this framework, courts should place great weight on valid forum-selection clauses.").

A forum selection clause also has the effect of shifting the burdens under a motion to transfer. See Jumara, 55 F.3d at 880. Courts normally defer to the plaintiff's choice of forum,

---

[5] Even though Defendants' Motion to Transfer is based on § 1406(a), the Court can sua sponte consider transfer under § 1404(a). See Jumara, 55 F.3d at 877 n.3; Reynolds Publishers, 938 F. Supp. at 260-61.

[6] As an aside, Defendants do not meaningfully argue that the District of New Jersey is an improper venue. Instead, Defendants primarily argue that the District of Colorado is a superior venue because of the forum selection clause. See Def. reply br. at 4-5.

and the burden of showing that the court should grant a transfer rests on the defendant.  Id. However, where the plaintiff has freely contracted for an appropriate venue, the plaintiff bears the burden of "demonstrating why they should not be bound by their contractual choice of forum."  Id.

The private factors a court should consider in this analysis include 1) the parties' preferences; 2) whether the claim arose elsewhere; 3) the convenience of the parties; 4) the convenience of the witnesses, but only to the extent that witnesses may actually be unavailable for trial in one of the fora; and 5) the location of books and records, but only to the extent that files could not be produced in the alternative forum.  Id. at 879.  The public factors a court should consider include 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora resulting from court congestion; 4) the local interest in deciding controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with any applicable state law.  Id. at 879-80.

### 1. Private factors

The private factors weigh in favor of transfer.  First, as to the parties' preferences, the forum selection clause is a clear indication that, at least at one time, the parties preferred that disputes proceed in Colorado.  Certainly a forum selection clause shows that even if Plaintiff now prefers to proceed in a different venue from that contracted for, the weighing of this factor tips in favor the party trying to enforce the clause.  See Foster, 933 F.2d at 1219 (holding party resisting a forum selection clause must make a "strong showing" that the clause is "unreasonable").  Thus, the parties' preference factor does not weigh in Plaintiff's favor.

Second, while the claim may have arisen in New Jersey in part, the underlying dispute involves contacts all over the United States, Colorado included. For example, while Plaintiff initially stopped receiving compensation while in New Jersey in July 2008, he moved to Pennsylvania during his tenure at Gene Express. Pl. br. at 6. Further, Plaintiff acknowledges that he received some compensation directly from Defendant Pollock, a citizen of Florida. Compl. at ¶ 8. Plaintiff also acknowledges that Defendants Pollock, Lazaridis, and Vardzel participated in the management, including payroll, of Gene Express, and that those Defendants are citizens of Florida, North Carolina, and South Carolina respectively. Pl. br. at 7; Compl. at ¶¶ 5-7. Moreover, Plaintiff also acknowledges that Gene Express conducted business out of Ohio during part of his tenure and then conducted business out of North Carolina. Pl. br. at 6-7. Finally, Gene Express is a Colorado corporation and a party to the Agreement, see Pl. br. at Ex. 1. Defendants note that Gene Express drafted the Agreement in Colorado and that Defendant Pollock has meetings several times a year in Colorado with other members of the Board of Directors of Gene Express to discuss company matters, including the Plaintiff. Def. reply br. at 4-5. Thus, on balance, while Plaintiff's claim may have arisen in New Jersey in part, this factor does not weigh heavily in his favor.

Third, the convenience of the parties weighs in favor of the Defendants. When parties assent to a forum selection clause, the parties bear the risk of inconvenience associated with proceeding in the chosen forum. Cadapult, 98 F. Supp. 2d at 568. The parties cannot be later heard "to decry the resultant litigation expenses and inconvenience" of the contractually negotiated forum. Id. Thus, the convenience of the parties factor weighs in favor of the Defendants.

11

Fourth, the convenience of the witnesses weighs in favor of the Defendants. This factor only weighs in the opposing party's favor where the witnesses "may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879. Plaintiff has not shown how he or any other potential witness would not actually be available in Colorado. Thus, the convenience of the witnesses factor weighs in favor of the Defendants.

Fifth, the location of books and records weighs in favor of the Defendants. Like the last factor, this one is only considered in the opposing party's favor when books and records are unavailable in the alternative forum. Jumara, 55 F.3d at 879. Plaintiff has not made any showing, nor indeed could he, that any of the records relevant to this dispute cannot be produced in Colorado. Thus, the location of books and records factor weighs in favor of the Defendants.

Therefore, overall, only one of the five factors considered weighs in Plaintiff's favor and against transfer. Thus, transfer is proper under the private factors.

    **2.    Public factors**

Similarly, the public factors also weigh in favor of transfer. First, the enforceability of the judgment factor weighs in favor of the Defendants. If this dispute were to be decided in court, the District of Colorado is equally capable of enforcing a judgment against the Defendants, who include a Colorado corporation, as is this Court. If the dispute were to be decided in arbitration, however, the District of Colorado may be the *only* court capable of enforcing a judgment. As noted, the Agreement contains an arbitration clause. Pl. br. at Ex. 1, ¶ 20. Under the Federal Arbitration Act, 9 U.S.C. §§ 1-14, a federal court can only compel arbitration within its own district. See Econo-Car Int'l, 499 F.2d 1391, 1394 (3d Cir. 1974). Where an arbitration agreement contains a choice of forum, only the a district court encompassing that forum may

compel arbitration.  See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer, 49 F.3d 323, 328 (7th Cir. 1995) (citing 9 U.S.C. § 4); Josko v. New World Sys. Corp., No. 05-4013, 2006 WL 2524169, at *10 n.3 (D.N.J. Aug. 29, 2006).  In this dispute, while the forum selection clause is not part of the arbitration clause, the provisions could be read together such that only a federal court in the District of Colorado can compel and enforce arbitration.  Thus, the enforceability of the judgment factor weighs in favor of the Defendants.

Second, the practical considerations factor weighs in favor of the Defendants.  While it may be more costly for Plaintiff to travel to Colorado, nothing about that travel suggests that the trial would be more easy, expeditious, or inexpensive in New Jersey.  None of the Defendants in this case are located in or are citizens of New Jersey and they would likewise suffer some additional expense for having to litigate here.  Plaintiff has also not made any showing that proceeding before either this Court or in the District of Colorado would be easier or more expeditious.  Thus, this factor weighs in favor of the Defendants.

Third, the relative administrative difficulty factor weighs in neither party's favor.  Both courts are equally busy and this Court has not been presented with any evidence to suggest that one or the other federal forum is so backlogged as to preclude fair adjudication of this matter.

Fourth, the local interests in deciding controversies at home weighs somewhat in Plaintiff's favor.  Plaintiff has cataloged a litany of contacts with New Jersey and has squarely raised his claims under New Jersey law.  Pl. br. at 14-15, 16-18.  New Jersey certainly has an interest in a case involving allegations that one of its citizens was the victim of breach of contract.  See C.I.N. Constr., LLC v. Hunt Constr. Group, Inc., No. 08-5810, 2009 WL 2998965, at *10 (D.N.J. Sept. 18, 2009).  However, Colorado likewise has an interest in deciding cases

13

involving corporations organized under its law.  On balance though, New Jersey's interests are seemingly somewhat greater, thus this factor weighs in favor of the Plaintiff.

Fifth, the public policies of the fora factor does not weigh in either party's favor.  As discussed at length above, no public policy of New Jersey is violated by transferring this case to the District of Colorado.  Moreover, since this dispute may ultimately be decided upon the enforceability of the arbitration clause, the dispute will be governed by federal law and policy in either forum under the Federal Arbitration Act.  Thus, this factor does not weigh in either party's favor.

Finally, sixth, the trial judge's familiarity with any applicable state law also does not weigh in either party's favor.  The Agreement contains a choice of law provision, which squarely requires that it be decided under Colorado law.  Pl. br. at Ex. 1, ¶ 12.  While Plaintiff, relying on Moran v. DaVita, Inc., No. 06-5620, 2009 WL 792074 (D.N.J. Mar. 23, 2009), argues that this provision should not be enforced, Pl. br. at 11-16, the Court is not certain at this time what the result of a choice of law inquiry will ultimately be.  To the extent that the District of Colorado decides that the provision is applicable, then certainly it would be more familiar with Colorado law.  But to the extent that it decides that New Jersey law should apply, the District of Colorado would be called upon to apply unfamiliar law.  However, this Court need not decide the choice of law issue because the factors above otherwise weigh in favor of transfer.  Moreover, this Court is confident that the District of Colorado, or an arbitrator in that forum, is competent to apply New Jersey law.  Thus, this factor does not weigh in either party's favor.

Therefore, overall, only one of six public factors considered weighs in Plaintiff's favor and against transfer.  Because the Court also finds that the Plaintiff did not establish that transfer

14

was improper under the private factors, transfer of this matter to the District of Colorado is proper under § 1404(a) and Defendants' Motion to Transfer is granted.

### D. Alternative Motions

Given that the Court grants the Defendants' Motion to Transfer, Defendants' alternative grounds for disposition or narrowing of the present dispute are best resolved by the District of Colorado. Thus, those alternative motions are not considered here and those alternative motions are dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Transfer is GRANTED and Defendants' alternative motions are DISMISSED WITHOUT PREJUDICE.


Dated:  11-10-2009                                                          /s/ Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge